3-30-2015

Cause No. 2011-0153M-CR

FREDDIE LEE TUBBS     *   CRIMINAL DISTRICT COURT
v.                        97TH JUDICIAL DISTRICT COURT
THE STATE OF TEXAS    *   MONTAGUE COUNTY, TEXAS

RECEIVED

MAY - 4 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

*   MOTION TO OBTAIN DOCUMENTS AND
    TRIAL RECORDS IN FORMA PAUPERIS

TO THE HONORABLE JUDGE OF SAID COURT:


COMES NOW, FREDDIE LEE TUBBS, Defendant, pro se, herein, who will respectfully attempt to move the Court to allow him to proceed with this action seeking copies of Documents and Trial Records pertaining to the above mentioned and numbered cause of action. The Defendant is entitled to said copies, and as basis for this motion will respectfully show this Court the following:

I.


Jurisdiction of this Court is invoked pursuant to Art. 2052 and 2066 of Vernon's Texas Civil Statutes, Rule 127 of the Texas Rules of Practice in District and County Courts; Art. 40.09 et. seq., of the Texas Code of Criminal Procedure, the Privacy Act 5 U.S.C.A. 552 (b) and the Texas Open Records Act, Art. 6252-17(A), V.T.C.S., and cases cited INFRA.

II.


Page 1-of-7

This motion is presented in good faith so that the Defendant may obtain photostatic copies of "_ALL_" documents and trial records to aid and assist him in the preperation for an appeal to a higher court of his conviction imposed by this Court. The Defendant is entitled to redress by Habeas Corpus relief, that which is essential for him to research the documents and trial records of the above mentioned cause number.

## III.

The Defendant avers that he is a PAUPER without funds, properties or securities with which to pay for the requested documents and trial records, for the fees that the District Clerk and Court Reporter is asking. Therefore, said documents and trial records should be afforded at "_NO_" cost to the Defendant in order that he may construct an appeal. In support of these claims, the Defendant cites the following cases:

① Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895 6 L.Ed 2d 39 (1961)
② Lane v. Brown, 372 U.S. 477, 83 S.Ct. 76 89 L.Ed 2d 892 (1963).
③ Long v. Dist. Court of Iowa, 385 U.S. 192, 87 S.Ct. 362 1 L.Ed. 2d 290 (1966)
④ Meyer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed 2d 372 (1971)
⑤ Gardner v. California, 393 U.S. 370, 89 S.Ct. 582, 21 L.Ed 2d 601 (1969)

## IV.

The Supreme Court held that the States are required to establish avenues of appellant review, but it is now fundemental, that establishing these avenues, must be kept from unreasonable distinctions that can imepede and they must open and give equal "ACCESS TO THE COURTS." Defe-

ndant contends, that if denied photostatic copies of the documents and records, this is thereby being denied the right to appeal. Said denial would be a violation of the Fourteenth (14th) Amendment of the United States Constitution. To impose any financial conditions between an indigent prisoner of the State and his exercise of a State right to sue for his liberty, is to deny that prisoner the equal protection of the laws.

In the case of LANE v. BROWN, supra, the Court reaffirmed the fundamental principles of GRIFFIN v. ILLINOIS, supra, which states the following:

".... destitute defendants must be afforded as adequate appellate review as defendants who may have money enough to buy transcripts."

In the case of LANE v. BROWN, supra, the court went on to observe that Smith v. BENNETT, supra, stated.... and established that these principles were "NOT" to be limited to direct appeals from criminal convictions.

In GARDNER v. CALIFORNIA, supra, it is stated as saying the following:

".... A layman acting in his own defense or on his own behalf needs the court records even more than an attorney acting in his behalf would."

Recently in TEXAS, the court held in LORRANE DE LA VEGA V. TACO CABANA, INC., 974 S.W. 2d 152 (Tex. App.—San Antonio 1998).

Indigent Appellant who appeals a civil or criminal trial order denying her free Court Reporter's records on the ground that her appeal is frivolous is constitutionally entitled under the due process and equal protection to

free reporter's record of the hearing at which the appeal was determined to be frivolous, and that the record must be of sufficient completeness to enable appellant to make a showing of REVERSIBLE ERROR, SINCE "ONLY" determine if trial court governing law to facts adequately supported by the RECORD. U.S.C.A. Const. Amend. 14. V.T.C.A., Civil Practice and Remedies Code § 13.003.

## V.

Defendant contends that his need of the record entitles him to same, he further avers that said documents and records must be obtained to prove his allegations to the courts as well as to the higher courts. Defendant contends that his constitutional rights have been violated and he cannot pursue his appeal due to the lack of his trial court records and essential documents.

## VI

Defendant is fully entitled to the documents and records sought herein, which are essential in the preperation of his appeal by way of Habeas Corpus Application. Therefore, Defendant would show the court which records and documents he knows to be essential and which is entitled to by law

1. Witnesses / and witnesses statement
2. Indictment
3. Police Report
4. State's Exhibits

5. Docket Sheet

6. Judgment and Sentence

7. Charge of the Court (Punishment)

8. Court of Appeals mandate

9. All verdict forms

10. Jury Notes

11. Notes/Notice from Judge to Jury

12. Court of Appeals opinion

13. Defendant notice of Appeals

14. Capia's

15. Notice of Disposition

16. Application for subpeona in District Court

17. Court of Appeals Petition for Discretionary Review

18. Court of Appeals concerning opinion

19. Court of Appeals brief of Appellant

20. Designation of Record of Appeal

21. Final Arguments on punishment

22. Order

23. Final Argument on guilt.

Said transcripts are in the possession of the Court Reporter of and for the 97th Judicial District Court in Montague County, Texas, or in the files of the Clerk. The cost must be assumed by the ~~State~~ in this regard under the Jurisdiction, citing, supra.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Honorable Court will "GRANT" the relief sought therein.

In the alternative, Defendant reserves the rights to apply for the Writ of Mandamus in the Texas Court of Criminal Appeals.

Respectfully Submitted
x - FREDDIE Tubbs

## UNSWORN DECLARATION

I, Freddie Lee Tubbs #1830304, being presently incarcerated in the Texas Department of Criminal Justice at the PACK I Unit in Grimes County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the 30th day of March, 2015

x _ FREDDIE Tubbs

## CERTIFICATE OF SERVICE

I, Freddie Lee Tubbs #1830304, do hereby certify that a true and correct copy of the foregoing Motion to Obtain Documents and Trial Records In Forma Pauperis, is being placed in the U.S. Mail postage prepaid on the 30th day of March, 2015.

Addressed to :

Abel Costa / Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

Lesian Darden / Clerk
Montague District Clerk's Office
101 Franklin Street
Montague, Texas 76251-0512

Paige Williams / Dist. Attorney
District Attorney's Office
101 Franklin Street
Montague, Texas 76251-0512

Jack A. McGaughey / Judge
97th Judicial District Court
101 Franklin Street
Montague, Texas 76251-0512

Holloy Crampton / Attorney
Attorney At Law
505 Lamar Ave.
Witcha Falls, Texas 76301

X\_ FREDDIE Tubbs